```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ZEV YOURMAN,                                                :
                    Plaintiff,                              :
                                                            :     **MEMORANDUM**
          -against-                                         :     **DECISION AND ORDER**
                                                            :
VERIZON COMMUNICATIONS, JOSEPH                              :     20-cv-336 (BMC)
SANTOS, BRIAN BLOODGOOD, NAKIS                              :
THOMAS, MARIAN WATKINS, HANS                                :
VESTBERG, RONAN DUNNE, and J. DOES                          :
1-50,                                                       :
                    Defendants.                             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action for inadequate service on his telephone line pursuant to 47 U.S.C. §§ 206, 207 and 406 and 28 U.S.C. § 1367(a). The Court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint may proceed against defendants Verizon Communications and Joseph Santos. The remaining counts and defendants, however, are dismissed.

## BACKGROUND

Plaintiff alleges that his Lifeline telephone service through Verizon has been shut off since the summer of 2018, despite his repeated efforts to have Verizon fix the issue. He claims Verizon "fraudulently informed" him the problem was with his line in the apartment. On October 10, 2018, in response to plaintiff's complaints, Verizon sent one of its repairmen, Joseph Santos, to plaintiff's apartment. However, during this futile attempt to resolve the problem, Santos damaged plaintiff's apartment, left his tools, and failed to complete any work. Plaintiff alleges that the damage "caused to [his] apartment will cost at least $80,000 to repair, not including other damages" and that the lack of telephone service has "cut [him] off from society."

**DISCUSSION**

Although *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss an action if it determines that it "is frivolous or malicious," or "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B) (i)-(ii).

Section 207 of the Communications Act allows "[a]ny person claiming to be damaged by any common carrier … [to] bring suit for recovery of the damages … in any district court of the United States [.]" 47 U.S.C. § 207. See Global Crossing Telecomms., Inc. v. Metrophones Telecomms*., Inc.*, 550 U.S. 45, 52-55 (2007). The statute, however, does not provide for liability against individuals, so the complaint is dismissed as to the following Verizon employees: Brian Bloodgood, Nakis Thomas, Marian Watkins, Hans Vestberg, Ronan Dunne and John Does 1-50. Plaintiff's claim that he has been deprived of telephone service can proceed against Verizon because it is a "common carrier" under 47 U.S.C. § 153(11).

Section 1367(a) of Title 28, United States Code, grants federal courts supplemental jurisdiction over all claims that are so related to claims in the action within its original jurisdiction that the related claims form part of the same case or controversy under Article III of the Constitution. "The state and federal claims must derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). "[O]nce it is

determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory." Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998).

According to the complaint, Santos caused damage to plaintiff's apartment and property after he responded to plaintiff's complaints to Verizon. Plaintiff's federal claim against Verizon resulted from Santos' inability to fix plaintiff's telephone service. Thus, the two claims are related, arising from the same set of facts, and the Court will exercise supplemental jurisdiction over plaintiff's property damage claim against Santos.

## CONCLUSION

Defendants Brian Bloodgood, Nakis Thomas, Marian Watkins, Hans Vestberg, Ronan Dunne and John Does 1-50 are dismissed from the action pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these defendants. However, the complaint may proceed against defendants Verizon Communications and Joseph Santos. The Court directs the Clerk of Court to issue summonses against these defendants and directs the United States Marshals Service to serve the summonses and complaint on them. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                                                                                    _____

                                                                 U.S.D.J.

Dated:  Brooklyn, New York
         February 2, 2020