**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**
**Attorneys for Defendants**
Verizon Communications Inc. i/s/h/a Verizon Communications
and Joseph Santos
150 East 42nd Street
New York, New York 10017
(212) 490-3000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZEV YOURMAN,

               Plaintiff,

v.

VERIZON COMMUNICATIONS INC., i/s/h/a
VERIZON COMMUNICATIONS and JOSEPH
SANTOS,

               Defendants.

Civil Action No.:
1:20-CV-336(BMC)(LB)

**ANSWER TO
VERIFIED COMPLAINT**

Defendants VERIZON COMMUNICATIONS INC., i/s/h/a VERIZON COMMUNICATIONS and JOSEPH SANTOS. ("Defendants"), by its attorneys, WILSON ELSER MOSKOWITZ & DICKER, LLP, answers the Verified Complaint of the Plaintiff as follows:

## PARTIES

1.     Defendants **LACK KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "A" of the Complaint and, therefore, **DENIES** such allegations.

## JURISDICTION

2. With respect to the unnumbered paragraph immediately following the JURISDICTION heading in the Plaintiff's Complaint, the Defendants **DENY** that the Plaintiff's claims have merit or are appropriate and further **DENY** each and every other allegation contained in the unnumbered paragraph.

## AS FOR RELIEF SOUGHT BY PLAINTIFF

3. With respect to the allegations contained in paragraph "4", sub-heading "1" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

4. With respect to the allegations contained in paragraph "4", sub-heading "2" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

5. With respect to the allegations contained in paragraph "4", sub-heading "3" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

6. With respect to the allegations contained in paragraph "4", sub-heading "4" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

7. With respect to the allegations contained in paragraph "4", sub-heading "5" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

8. With respect to the allegations contained in paragraph "4", sub-heading "6" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

9. With respect to the allegations contained in paragraph "4", sub-heading "7" of the Complaint, the Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and thus **DENY** such allegations.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

Upon information and belief, this Court lacks subject matter jurisdiction over the instant action against answering Defendants for any or all of the claims brought against the Defendants.

**AS AND FOR A SECOND
AFFIRMATIVE DEFENSE**

The claims asserted in the Plaintiff's Complaint are barred, in whole or in part, by the applicable statues of limitations and/or repose.

**AS AND FOR A THIRD
AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as against the answering Defendants.

**AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE**

The Defendants fully complied with all applicable standards of care with respect to the matters alleged in the Plaintiff's Complaint.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

Plaintiff fails to allege the particularity of each cause of action alleged pursuant to the requirements of the CPLR and the Federal Rules of Civil Procedure.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

Upon information and belief, the Plaintiff sustained no damages proximately caused as a result of any alleged breach of the Defendants.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

The injuries and damages, if any, allegedly sustained by the Plaintiff were caused by Plaintiff's sole, contributory or comparative negligence and culpable conduct and by Plaintiff's failure to make proper observations and exercise reasonable care under the existing circumstances.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were caused by acts of third persons, entities, or conditions over whom the answering Defendants had no control and/or no duty to control.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

That all risks connected with the situation as alleged in the Plaintiff's Complaint were obvious and apparent and known by the Plaintiff and voluntarily assumed by them.

**AS AND FOR A TENTH
AFFIRMATIVE DEFENSE**

The injuries and damages, if any, sustained by the Plaintiff were the result of an independent, intervening and superseding cause for which the answering Defendants may not be held liable.

**AS AND FOR AN ELEVENTH
AFFIRMATIVE DEFENSE**

The injuries and damages allegedly suffered by the Plaintiff, if any, (which injuries and damages are specifically denied by the answering Defendants), were the result of culpable conduct or fault of third persons, including the Plaintiff, for whose conduct the answering Defendants are not legally responsible, and the damages recovered by the Plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.  Any liability on the part of the answering Defendants (which liability is denied) if fifty percent or less or the liability of all persons which are the cause of the alleged injuries, if any, and the liability of the defendant for non-economic loss does not exceed the Defendants' culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR Sections 1601 through 1603.

### AS AND FOR A TWELFTH
### AFFIRMATIVE DEFENSE

Plaintiff failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiff complains.

### AS AND FOR A THIRTEENTH
### AFFIRMATIVE DEFENSE

Any damages claimed by the Plaintiff that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

### AS AND FOR A FOURTEENTH
### AFFIRMATIVE DEFENSE

All claims for punitive damages against the Defendants are barred by:

(1) The Due Process Clause of the Fourteenth Amendment to the United States Constitution;
(2) The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;
(3) The proscription of the Eighth Amendment to the United States Constitution to the States through the Fourteenth Amendment prohibiting the imposition of excessive fines;
(4) The "double jeopardy" clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment; and
(5) Other provisions of the Constitution of the United States.

### AS AND FOR A FIFTEENTH
### AFFIRMATIVE DEFENSE

Answering Defendants incorporate and reserve all other affirmative defenses available under New York law pending further investigation and discovery.

**AS AND FOR A SIXTEENTH
AFFIRMATIVE DEFENSE**

Answering Defendants reserve their right to amend its Answer, if appropriate, after full investigation and discovery.

**AS AND FOR A SEVENTEENTH
AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, equitable estoppels, waiver, or acquiescence.

**AS AND FOR A EIGHTEENTH
AFFIRMATIVE DEFENSE**

Answering Defendants, its agents, servants and/or employees acted properly under the circumstances and all acts attributable to the answering defendants and/or its agents, servants and employees were justifiable and appropriate under the circumstances at all relevant times identified in the Plaintiff's Complaint.

**AS AND FOR A NINETEENTH
AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that some or all of the claims made within the Plaintiff's complaint are incorrect, inaccurate, untrue, speculative, conjecture or otherwise false.

**AS AND FOR A TWENTIETH
AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in that the Plaintiff lacks standing to bring these claims.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Verizon Communications, Inc. i/s/h/a Verizon Communications does not employ Defendant Joseph Santos, did not perform work in the Plaintiff's residence, and is otherwise an improper Defendant.

## JURY DEMAND

Answering Defendants hereby request a trial by jury with regard to all claims and counterclaims.

**WHEREFORE**, answering Defendants demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements incurred in the defense of this action.

**WHEREFORE**, Defendants respectfully requests that this Court issue an Order: (a) dismissing the Verified Complaint with prejudice, in its entirety; (b) awarding the Defendants costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such further relief as the Court deems just and proper.

Dated:  March 16, 2020

      New York, New York

      Respectfully submitted,

      WILSON ELSER MOSKOWTIZ
      EDELMAN & DICKER LLP

By:    *Craig A. Ginsberg*
      Craig A. Ginsberg (Bar Roll No. CG3086)
      Attorneys for Defendants
      150 East 42nd Street
      New York, New York 10017
      Telephone: (212) 915-5175
      Facsimile: (212) 490-3038
      E-mail: Craig.Ginsberg@wilsonelser.com

TO:      Mr. Zev Yourman
            *Pro se* Plaintiff
            1274 49th Street
            Apartment #525
            Brooklyn, New York 11219