UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ZEV YOURMAN,

                      Plaintiff,                        **REPORT AND RECOMMENDATION**
                                                                                   20 CV 336 (BMC)(LB)

   -against-

VERIZON COMMUNICATIONS-
TELECOMMUNICATIONS
CORPORATION and JOSEPH SANTOS,

                      Defendants.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff brings this *pro se* case under 47 U.S.C. § 206 seeking damages for phone service disruption.[1] For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v).

## BACKGROUND

        Plaintiff filed a *pro se* complaint on January 16, 2020, alleging defendants cut off his lifeline telephone service and caused damage to his apartment. ECF No. 1. Defendants answered the complaint on March 16, 2020. ECF No. 7. On May 6, 2020, the Court scheduled an initial telephone conference in this matter for June 9, 2020 at 10:00 a.m. ECF No. 12. The Court's scheduling Order provided the parties with the telephone conference line phone number and an access code. See id. The Order was mailed to plaintiff at the address provided to the Court at the time he filed the complaint.[2] See Docket Entry dated May 8, 2020. Plaintiff failed to appear at the

---

[1] The Court previously dismissed plaintiff's claims against defendants Brian Bloodgood, Nakis Thomas, Marian Watkins, Hans Vestberg, Ronan Dunne and John Does 1-50. ECF No. 4.

[2] All the Court's Orders since the commencement of this case have been mailed to the address plaintiff provided at the time of filing. None of the Orders have been returned to the Court as undeliverable. Even if plaintiff has moved, dismissal is still warranted because it is plaintiff's responsibility to provide his current address to the Court. See Bivens v. Nassau Cty. Police Dept., No. 14-CV-4555(JFB)(AYS), 2018 WL 4961459, at *2 (E.D.N.Y. Oct. 12,

1

June 9, 2020 telephone conference and the Court scheduled another telephone conference for July 7, 2020 at 10:00 a.m. ECF No. 15. The Court declined to warn or sanction plaintiff at that time because his complaint alleges that defendants terminated his telephone service in 2018. Id. The Court's scheduling Order again instructed the parties how to access the telephone conference and directed plaintiff to write the Court by June 26, 2020 if he was unable to appear for the conference. Id. Plaintiff did not write or otherwise contact the Court.

The Court held the telephone conference, as scheduled, on July 7, 2020 and plaintiff again failed to appear.[3] ECF No. 16. The Court again declined to warn or sanction plaintiff because his complaint alleged that defendants terminated his telephone service in 2018. Id. However, the Court directed defendant Verizon to produce records regarding when plaintiff's service was terminated and any communications between plaintiff and Verizon by August 7, 2020. Id. The Court scheduled another conference for August 11, 2020 and directed plaintiff to write the Court by August 7, 2020 if he could not appear by telephone. Id. Direction was again provided about how the parties should access the telephone conference. Id. Plaintiff was served with the Court's Order on July 9, 2020. ECF. No. 17. Plaintiff again did not write or otherwise contact the Court.

On August 7, 2020, defendants' counsel filed an affirmation stating that efforts to obtain plaintiff's phone records from Verizon's third-party administrator, Sedgwick Claims, were unsuccessful. ECF No. 18. Counsel stated that Verizon could not locate any record stating that plaintiff ever received Verizon phone service. Id. at 9.

On August 11, 2020, the Court held a third telephone conference in this matter and plaintiff again failed to appear. ECF No. 19. At that time, the Court ordered plaintiff to show cause by

---

2018) (noting it is plaintiff's responsibility to provide his current address and that failure to do so may be a basis for dismissal under Federal Rule of Civil Procedure 41(b)).

[3] Although the minute entry is dated July 8, 2020, see Minute Entry dated July 8, 2020; ECF No. 16, the conference was in fact held as scheduled on July 7, 2020.

September 15, 2020 why the "case should not be dismissed for his failure to appear at three Court-ordered conferences." Id. Plaintiff was further warned that if good cause was not shown by September 15, 2020, the Court would recommend that the matter should be dismissed pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v). Id. (citing Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (1994)). A copy of the Court's Order was sent to plaintiff on August 13, 2020. Plaintiff has not contacted the Court nor responded to the Court's Order.

## DISCUSSION

Federal Rule of Civil Procedure 16(f) empowers the Court to "issue any just orders," including the imposition of sanctions "authorized by Rule 37(b)(2)(A)(ii)-(vii)," when a party fails to appear at a conference or "fails to obey a scheduling or other pretrial order." Fed R. Civ. P. 16(f)(A) & (C). The sanctions contemplated by Rule 37(b)(2) include the dismissal of an action. Fed. R. Civ. P. 37(b)(2)(A)(v). The Second Circuit counsels that "[d]ismissal with prejudice is a harsh remedy to be used only in extreme situations …, and then only when a court finds willfulness, bad faith, or any fault" by the offending party. Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (1994) (internal quotation marks omitted) (quoting Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990)). However, dismissal of a case in which a party has failed to abide by the Court's orders is necessary not only to punish noncompliance but to warn prospective litigants away from unacceptable conduct. Id. at 50 (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). Even when a plaintiff proceeds *pro se*, dismissal with prejudice may be appropriate so long as adequate warning is provided. Id. (citing Bobal, 916 F.2d at 766).

The Court is guided by several factors when contemplating the dismissal of an action for failure to abide by the Court's Orders. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009). These factors include:

> (1) [T]he willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of … noncompliance.

Id. at 302-03 (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). These factors are not an exhaustive list of the circumstances to be considered by the Court and dismissal does not require that each factor be resolved against the plaintiff. See Davis v. City of New York, No. 17-CV-3863(MKB)(SJB), 2019 WL 7842400, at *4 (E.D.N.Y. Dec. 3, 2019) report and recommendation adopted by 2020 WL 103525 (E.D.N.Y. Jan. 9, 2020) (quoting S. New England Tel. Co. v. Glob NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)). Courts considering dismissal must ultimately decide "whether dismissal would be 'just.'" Id. (quoting Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007)).

A litigant's failure to appear as required on multiple occasions demonstrates willful non-compliance. Agiwal, 555 F.3d at 303 (stating that a plaintiff's failure to appear at three scheduled depositions illustrated the willful nature of his noncompliance); Valentine, 29 F.3d at 50 (finding noncompliance willful when plaintiff failed to appear despite the Court's warning); Davis, 2019 WL 7842400, at *4 ("Noncompliance is willful where the party has received notice of the court's orders and repeatedly failed to comply.") (citing Coach Inc. v. O'Brien, No. 10-CV-6071(JPO)(JLC), 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011)).

Here, plaintiff willfully failed to comply with the Court's Orders. The Court held telephone conferences on June 9, 2020, July 7, 2020, and August 11, 2020 and each time plaintiff failed to appear as required. ECF Nos. 15, 16, 19. On June 9 and July 7, recognizing the

possibility of plaintiff's technological limitations, the Court scheduled a future conference with the direction that plaintiff should write the Court if he was unable to attend. ECF Nos. 15 & 16. Plaintiff disregarded the Court's directions and neither acknowledged nor responded to the Court's Orders. After failing to appear for two conferences, the Court ordered plaintiff to show good cause why this case should not be dismissed, ECF No. 19, and plaintiff again failed to respond.

The Court cannot proceed in this action without plaintiff. Any sanction short of dismissal will be ineffective in obtaining the plaintiff's compliance when, as here, it appears that he has abandoned the action. Davis, 2019 WL 7842400, at *5 (quoting Bey v. Gursky, No. 17-CV-6447(LDH)(LB), 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), report and recommendation adopted by, 2018 WL 1611377 (E.D.N.Y. Apr. 3, 2018)). Given plaintiff's failure to appear or contact the Court since filing his complaint, there is no reason to believe the threat of less onerous sanctions will prompt plaintiff to take action.

Plaintiff received adequate warning about the consequence of failing to abide by the Court's Orders. On August 12, 2020, the Court warned plaintiff that if he "fail[ed] to show good cause in writing by September 15, 2020 why this case should not be dismissed" the Court would recommend dismissal. ECF No. 19. Plaintiff has failed to contact the Court and, therefore, dismissal is appropriate.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                     /S/
                                                        LOIS BLOOM
                                                        United States Magistrate Judge

Dated: October 14, 2020
       Brooklyn, New York