UNITED STATES DISTRICT COURT                                           C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
ZEV YOURMAN,                                             :
                              Plaintiff,                 :       **ORDER TO SHOW CAUSE**
                                                         :
              - against -                                :       20-cv-0336 (BMC) (LB)
                                                         :
VERIZON COMMUNICATIONS-                                  :
TELECOMMUNICATIONS CORPORATION                           :
and JOSEPH SANTOS,                                       :
                                                         :
                              Defendants.                :
-------------------------------------------------------- X

**COGAN**, District Judge.

       Plaintiff *pro se* has filed a letter requesting a stay of this case "until society returns to

normal."  A stay cannot be granted because the case was dismissed on November 9, 2020 under

Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(v) for failure to comply with court

orders.  However, because of plaintiff's *pro se* status, I will construe his request as a motion to

vacate the judgment under Federal Rule of Civil Procedure 60(b).

       The dismissal order adopted the Report & Recommendation ("R&R") of Magistrate

Judge Bloom.  The R&R recommended dismissal because after plaintiff commenced this case in

January 2020, he failed to appear at any of three telephone conferences between June and August

or to otherwise let the Court know how to contact him.  The R&R, like the notice of each of

these conferences, was mailed to the address that plaintiff provided to the Court, but plaintiff did

not object to the R&R either.

       Because plaintiff's complaint against Verizon is that it improperly terminated plaintiff's

telephone service, Judge Bloom also directed Verizon to determine if it had any other contact

information for him.  Verizon, according to its counsel, could find no record that plaintiff ever

had an account with it.  Since there was no way to get plaintiff to participate in this case, I agreed with Judge Bloom's recommendation to dismiss the case and adopted the R&R as the Order of this Court.

In his current motion, plaintiff states that because of unspecified health issues, "[r]etrieving [his] mail, as per this case, is a serious safety issue at this time."  He says he has been "locked down" and has "little contact with the outside world at this time, and no reliable means of communication."  The implication is that plaintiff never received any of Judge Bloom's scheduling orders because he is not checking his mail.  And because Verizon cut off his phone service (according to him), he had no way of contacting the Court.

Rule 60(b)(1) provides that a party can obtain relief from a judgment because of "mistake, inadvertence, surprise, or excusable neglect."  This requires consideration of "all relevant circumstances surrounding the party's omission."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP, 507 U.S. 380, 395 (1993).  The Second Circuit has focused primarily on "the reason for the delay" and "whether it was within the reasonable control of the movant."  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quotation omitted).

Rule 60(b)(6) provides that a party can obtain relief from a judgment for "any other reason that justifies relief."  The Supreme Court has repeatedly held that this provision requires "extraordinary circumstances," Ackermann v. United States, 340 U.S. 193, 199 (1950), and such circumstances must "rise above 'excusable neglect,'" Hamilton v. Lee, 188 F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (quoting Klaprott v. United States, 335 U.S. 601, 613 (1949)).

I have some skepticism that plaintiff can meet either of these standards.  First of all, the fact that he has mailed his "motion for stay" raises the question of why he couldn't have mailed it a year ago, or nine months ago, or six months ago – anytime after the pandemic began.  Had he

done that, Judge Bloom no doubt would have worked with him to try to come up with either a means to proceed with the action or perhaps to stay it for a defined period of time.

Second, plaintiff's professed inability to check the mail is not entirely credible.  It seems likely that if plaintiff is receiving income or benefits of some form, those resources came in the mail.  Moreover, even in the height of the pandemic, people with co-morbidities were not on a "zero contact" basis.  Groceries had to be obtained and opened, clothing had to be washed with detergent, and tax returns still had to be filed.  It is not clear, for example, why plaintiff could not have put on disposable gloves to check his mail.

Third, even assuming that his telephone service was cut off, plaintiff has not shown that he had no access to any telephone with which he could have called Judge Bloom's Chambers and let her know his predicament.  He likely knows someone with access to a telephone and if he didn't want to touch it, he likely could have asked that person to call the Court.

Finally, it is hard to understand how his letter got to the Court.  Plaintiff signed it on November 11, 2020; his certified mail receipt is dated December 28, 2020; the postmark on the envelope is March 2, 2021; and the Clerk's Office received it on March 31, 2021.  Plaintiff needs to give some explanation for those peculiar dates.

In any event, plaintiff's present motion does not show adequate grounds for relief under Rule 60(b).  However, because he did not know that I was going to evaluate his motion under the framework described above, and because of his *pro se* status, he will be given another opportunity to thoroughly explain why he couldn't let the Court know of his inability to proceed

with the case for more than 14 months.  He is therefore ORDERED TO SHOW CAUSE by April

20, 2021 why his request for relief from the dismissal of this case should not be denied.

   **SO ORDERED.**

Digitally signed by Brian
M. Cogan

_____
                    U.S.D.J.

Dated: Brooklyn, New York
      April 2, 2021